THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Jeanette Vogl,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION<br><br>Case No. 2:26-cv-122 DBB DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendant State Farm Mutual Automobile Insurance Company moves the court for an order compelling Plaintiff Jeanette Vogl to produce a copy of Plaintiff's legal representation fee agreement with counsel.[1] Defendant filed the motion on June 29, 2026, and to date, there has been no response filed by Plaintiff. As set forth herein, the court will grant the motion.

Defendant served Request for Production No. 9 that seeks "Your fee agreement with your counsel of record in this case."[2] In response, Plaintiff objects asserting "it seeks information subject to the attorney-client privilege."[3] Defendant argues Plaintiff's objection is not supported under controlling Utah or federal caselaw.

In *Gold Standard, Inc. v. Am. Barrick Res. Corp.*,[4] cited by Defendant, the Utah Supreme Court noted "[r]etainer agreements are not generally protected by the attorney-client privilege. The items commonly contained in them, describing the external trappings of the attorney-client

---

[1] Defendant's Short Form Discovery Motion, ECF No. 14.

[2] *Id.* Ex 14-1.at 2

[3] *Id.*

[4] 801 P.2d 909, 1990 WL 174942 (Utah 1990).

relationship, are not confidential."[5] The court then held that the "retainer agreement portion of the letter, describing the creation of an attorney-client relationship between appellees and the law firm, is not protected by the attorney-client privilege."[6]

In similar fashion, the Tenth Circuit noted that the "purpose behind the attorney-client privilege is to preserve confidential communications between attorney and client."[7] Thus, "[i]nformation regarding the fee arrangement is not normally part of the professional consultation and therefore it is not privileged …."[8]

The court is persuaded by Defendant's cited authority that Plaintiff should produce a copy of Plaintiff's legal representation fee agreement with counsel. Furthermore, Plaintiff has filed no opposition to the motion and the time to do so has passed.

Accordingly, Defendant's Motion is GRANTED. Plaintiff is to provide a response to Request for Production No. 9 within fourteen (14) days from the date of this order.

IT IS SO ORDERED.


DATED this 13 August 2026.


_____
Dustin B. Pead
United States Magistrate Judge

---

[5] *Id.* at 912.

[6] *Id.*

[7] *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1492, 31 Fed. R. Evid. Serv. 149, 1990 WL 89386 (10th Cir. 1990).

[8] *Id.*